UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CARISA MASSE,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　-vs-<br><br>**STELLAR RECOVERY, INC.,**<br><br>　　　　　　　　　　Defendant. | *Civil Action No.* _____ |

**COMPLAINT & DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiff Carisa Masse brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and New York General Business Law §349 which makes deceptive business acts and practices unlawful.

**JURISDICTION & VENUE**

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff's claims under New York General Business Law §349 are predicated upon the same facts and circumstances giving rise to his federal cause of action. As such, this Court possesses supplemental jurisdiction over these claims, pursuant to 28 U.S.C. §1367.

4. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

**PARTIES**

5. Plaintiff Carisa Masse is a natural person residing in the County of Niagara, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

1

6. Defendant Stellar Recovery, Inc., (hereinafter "Stellar") is a foreign business corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).
7. Any and all acts of the Defendants hereinafter alleged were performed by Defendants' employees, while under the scope of the Defendants' actual or apparent authority.

## FACTUAL ALLEGATIONS

8. That Plaintiff Carisa Masse allegedly incurred and later allegedly defaulted on a debt to Household Finance. Said alleged debt will hereinafter be referred to as "the subject debt."
9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.
10. That upon information and belief, the Plaintiff's alleged account was sold, transferred or assigned to Stellar, who thereafter began efforts to collect payment of the subject debt.
11. That during the course of its collection efforts, representatives for Stellar repeatedly and continuously placed unauthorized and unwanted calls to Plaintiff Masse's place of employment and improperly disclosed collection information to Plaintiff's colleagues.
12. That Defendant Stellar's aforementioned calls and third party disclosures caused Plaintiff Masse great embarrassment and anxiety.
13. That during the course of telephone conversations shared with Defendant Stellar, Plaintiff Masse disputed the subject debt and requested that proof be provided but was falsely informed that information had already been sent to her.
14. Despite the fact that Plaintiff raised her dispute of the debt to Defendant directly and requested that validation be provided, Stellar failed to cease its collection efforts.
15. That during the course of its collection efforts, Defendant Stellar also made repeated threats that they would garnish Plaintiff's wages, place liens against her property and freeze her bank accounts if she did not pay.
16. That Defendant Stellar also engaged in deceptive collection and business practices by first misrepresenting to Plaintiff that she would only avoid judgment enforcement measures by settling the subject debt for a one-time payment of 35% of the purported

balance due, and then subsequently proclaiming that the payment would only be applied to the whole amount sought once Plaintiff's bank account information was obtained.

17. That Defendant Stellar also failed to provide notices regarding the purported debt and Plaintiff's rights as a "consumer," as required by 15 U.S.C. §1692g(a).

18. That as a result of Defendant Stellar's conduct, Plaintiff Masse became very upset, anxious, embarrassed, frightened and otherwise suffered from emotional distress.

### COUNT ONE – FDCPA VIOLATIONS

19. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

20. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2) and 15 U.S.C. 1692b(3) by failing to limit the subject of their communications with Plaintiff co-workers to obtaining location information for her and by communicating with said co-workers on more than one occasion.

21. Defendant violated 15 U.S.C. §1692c(a)(1), 15 U.S.C. §1692c(a)(3) and 15 U.S.C. §1692c(b) by calling Plaintiff Masse at her place of employment despite the fact that she made it abundantly clear that such calls were not permitted by her employer and disruptive to her.

22. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse and harass Plaintiff Masse, by threatening they would garnish Plaintiff's wages, place liens against her property and freeze her bank accounts if she did not pay.

23. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff's personal and work telephones to ring with the intent to annoy, abuse and harass.

24. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10), by falsely representing to Plaintiff that Defendant had provided proof of the subject debt, would garnish her wages, place liens against her property and freeze her bank accounts if she did not pay.

25. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect a debt from Plaintiff that was not authorized by law or agreement.

26. Defendant violated 15 U.S.C. §1692g(a) by failing to provide her with written notice of the subject debt and her rights as a "consumer."

27. That as a result of Defendant's conduct, Plaintiff Masse became very embarrassed, anxious, worried, upset, frightened and otherwise suffered from emotional distress.

### COUNT TWO – N.Y. GEN. BUS. LAW VIOLATIONS

28. That the aforementioned acts of the Defendants have violated the General Business Law of the State of New York.

29. New York General Business Law §349 prohibits the use of deceptive acts and/or practices when conducting business.

30. Defendants violated New York General Business Law §349 by threatening to take legal action and leading Plaintiff to believe that Defendant was a law firm, in order to collect payment of a disputed debt.

31. Furthermore, Defendant violated §349 by failing to produce evidence of the disputed debt despite the repeated requests of Plaintiff and by otherwise pretending that proof had been provided in order to avoid responsibilities to ensure the accuracy of their attempted collection efforts.

32. That as a result, Plaintiff Masse became very upset, anxious, frightened and otherwise suffered from emotional distress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this honorable Court enter judgment against each of the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1) and N.Y. Gen. Bus. Law §349(h);

(b) Statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and N.Y. Gen. Bus. Law §349(h);

(d) Trebling of actual damages up to a maximum of $1,000.00, pursuant to N.Y. Gen. Bus. Law §349(h); and

(e) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff Carise Masse demands a trial by jury in this action.

| | |
|---|---|
| Date: February 3, 2012 | /s/ Frank J. Borgese |
| | Frank J. Borgese, Esq. |
| | Graham & Borgese, LLP |
| | *Attorneys for the Plaintiff* |
| | 482 Delaware Ave. |
| | Buffalo, New York 14202 |
| | frank@gbdebthelp.com |
| | 716-200-1520 |